UNITED STATES v. WESTERN INV. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. June 23, 1915.)

No. 4287.

1. INDIANS ⬅️15—ALLOTTED LANDS—CONVEYANCE BY HEIR—RESTRICTIONS.

　　Though the period for which the Creek Agreement made a prior allotment to an Indian, confirmed thereby, inalienable by the allottee or his heirs without approval of the Secretary of the Interior, expired before enactment of Act April 26, 1906, c. 1876, § 22, 34 Stat. 145, prohibiting full-blood heirs of a deceased Indian conveying his land without approval of such officer, a conveyance by such heirs of such land after such enactment is subject thereto.

　　[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 17, 29, 34, 37–44; Dec. Dig. ⬅️15.]

2. INDIANS ⬅️15—DEATH OF ALLOTTEE—CONVEYANCE BY HEIR.

　　Act May 27, 1908, 35 Stat. 312, prohibiting the conveyance of any interest in an allotment by any full-blood Indian heir of the allottee without the approval of the court having jurisdiction of the settlement of the estate of the deceased allottee, renders a deed of such heir voidable, if made without such approval.

　　[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 17, 29, 34, 37–44; Dec. Dig. ⬅️15.]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit by the United States against the Western Investment Company and others. Decree for defendants, and the United States appeals. Reversed and remanded, with directions.

D. H. Linebaugh, U. S. Atty., of Muskogee, Okl., and Archibald Bonds, Sp. Asst. U. S. Atty., of Claremore, Okl., for the United States.

Before ADAMS, Circuit Judge, and TRIEBER and REED, District Judges.

ADAMS, Circuit Judge. Lewis Bird, a full-blood Creek Indian, died April 14, 1901, leaving surviving him as his heirs, Mary Bird, his widow, Melissa Bird, a daughter, and Walter Bird, a son, all full-blood Creek citizens. During his lifetime and on April 20, 1899, an allotment was made to him of his share of the tribal lands. Afterwards Walter, the son, died, and on April 24, 1907, Mary, the widow, executed a deed to the Western Investment Company purporting to convey to that company the allotment of Lewis Bird, deceased. Later the Western Investment Company was duly adjudicated a bankrupt, and its trustee in bankruptcy executed a quitclaim deed purporting to convey all the interest of the bankrupt's estate in and to that allotment to John S. Bilby. It is sought by the bill in this case, in which the Western Investment Company and John S. Bilby are defendants, to

cancel the deed of Mary Bird to the Western Investment Company and the deed of the trustee of the last-named company to John S. Bilby, and to quiet title to the land in controversy, the same being the S. E. ¼ of section 4, township 18 N., range 16 E., in the heirs of Lewis Bird. The District Court dismissed the bill as to these defendants.

The allotment to Lewis Bird was made prior to the ratification of the Original Creek Agreement, March 1, 1901 (31 Stat. 861, c. 676). It was therefore made under the provisions of the Curtis Act of June 28, 1898 (30 Stat. 495, c. 517). All allotments made under the provisions of that act were ratified and confirmed by the Original Creek Agreement. By section 7 of that Agreement allotments made to Creek citizens prior to its ratification were confirmed and made inalienable without the approval of the Secretary of the Interior by the allottee or his heirs at any time before the expiration of five years from the ratification of the Agreement. Section 22 of the act of April 26, 1906 (34 Stat. 137, c. 1876), entitled "An act to provide for the final disposition of the affairs of the Five Civilized Tribes in the Indian Territory, and for other purposes," provides that:

"The adult heirs of any deceased Indian of either of the Five Civilized Tribes whose selection has been made * * * may sell and convey the lands inherited from such decedent," and that "all conveyances made under this provision by heirs who are full-blood Indians are to be subject to the approval of the Secretary of the Interior, under such rules and regulations as he may prescribe."

[1] The Original Creek Agreement provided that allotted lands shall not be alienable "by the allottee or his heirs" at any time before the expiration of five years from the ratification of this agreement, except with the approval of the Secretary of the Interior. The deed of Mary Bird to the Western Investment Company, being executed on April 24, 1907, could not have been avoided by the restriction found in that agreement, for her deed was made more than five years after its ratification, which was March 1, 1901.

According, therefore, to the statutes in force at the time her deed was made, there would have been no restriction upon her alienation of the land as an heir of Lewis Bird, and, had it not been for the enactment of April 26, 1906, just referred to, there might have been no restriction upon the conveyance; but the last-mentioned act provided that adult full-blood heirs of a deceased Indian should make no conveyance of his land without the approval of the Secretary of the Interior. The Supreme Court of the United States in Tiger v. Western Investment Company, 221 U. S. 286, 31 Sup. Ct. 578, 55 L. Ed. 738, held that Congress had not by the Supplemental Creek Agreement or by any other act released its control over the alienation of lands of full-blood Creek Indians, and that it was within its power to continue to restrict such alienation by requiring the approval of the Secretary of the Interior of conveyances made by them. It results, therefore, that according to the provisions of the last-mentioned act (April 26, 1906), Mary Bird, being an heir of a deceased Indian to whom an allotment had been made in his lifetime, could not make a conveyance thereof without the approval of the Secretary of the Interior.

[2] By the provisions of section 9 of the act of May 27, 1908 (35

Stat. 312, c. 199), Congress enacted that no conveyance of any interest of any full-blood Indian heir of an allottee should be valid unless approved by the court having jurisdiction of the settlement of the estate of the deceased allottee. As it satisfactorily appears that the deed of Mary Bird in question had neither the approval of the Secretary of the Interior nor of any court having jurisdiction of the settlement of the estate of her deceased husband, her deed was voidable. The case of Welty v. Reed, 219 Fed. 864, —— C. C. A. ——, involves facts and principles very similar to those here involved, and on the authority of that case, and the case of Tiger v. Western Investment Company, supra, the decree rendered in this case must be reversed, and the cause remanded to the District Court, with directions for further proceedings. in accordance with the opinion of this court.

And it is so ordered.